IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

ERIC TURNER                                                      PLAINTIFF
100 S. Ashby Street
Irvington, Kentucky 40146

                                            Case No. 3:16-cv-348-DJH

v.                                          Judge David J. Hale

FRANKLIN COLLECTION
SERVICE, INC.                                                    DEFENDANTS
2978 W. Jackson Street
Tupelo, Mississippi 38803

          SERVE:      CT Corporation System
                      306 W. Main Street, Suite 512
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:      CSC-Lawyers Incorporating Service Co.
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

> SERVE:    The Prentice Hall Corporation System
> 421 W. Main Street
> Frankfort, Kentucky 40601
> (BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

Comes the Plaintiff, Eric Turner, by counsel, and for his Verified Complaint against the Defendants, Franklin Collection Service, Inc. ("Franklin"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union"), states as follows:

**I.  PRELIMINARY STATEMENT**

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Franklin's false reporting to Equifax and Trans Union of an alleged delinquent debt of the Plaintiff, and Franklin's, Equifax's and Trans Union's failure to investigate Plaintiff's dispute of the Franklin tradeline and their failure to correct Franklin's false reporting on Plaintiff's Equifax and Trans Union credit reports.

**II.  PARTIES**

2.      Plaintiff, Eric Turner, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 100 S. Ashby Street, Irvington, Kentucky 40146.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

2

4.     Defendant, Franklin, is a Mississippi corporation doing business in the Commonwealth of Kentucky with its principal place of business at 2978 W. Jackson Street, Tupelo, Mississippi 38803.

5.     Franklin is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, Equifax, is a limited liability company organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.    Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.    Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. <u>JURISDICTION</u>

12.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving

rise to this action occurred in Breckenridge County, Kentucky as a result of the Defendants' doing business in Breckenridge County, Kentucky.

## IV.  FACTUAL BACKGROUND

13.     In March 2016, Plaintiff, who was in the process of attempting to secure mortgage financing, discovered a derogatory tradeline on his Equifax, Experian and Trans Union credit reports furnished by Defendant, Franklin.  The derogatory Franklin tradeline was duplicated on Plaintiff's Equifax report, one tradeline furnished by Franklin and the other tradeline furnished by Enhanced Recovery Company, LLC, a collection agency.  Both the Franklin and the Enhanced Recovery tradelines reflected the same alleged debt, a $38.00 past due balance allegedly owed to AT&T.

14.     According to information contained in Plaintiff's Equifax, Experian and Trans Union credit reports, AT&T initially sold or otherwise transferred Plaintiff's alleged debt to Franklin in or around July 2015

15.     In or around January 2016, Franklin sold or otherwise transferred Plaintiff's alleged debt to Enhanced Recovery Co.  Franklin's March 2016 tradelines on Plaintiff's credit reports were, therefore, false and fraudulent given Franklin's January 2016 sale and/or transfer of the alleged AT&T debt to Enhanced Recovery Co.

16.     Upon his discovery of the Franklin tradelines, Plaintiff immediately filed disputes with Equifax, Experian, and Trans Union.

17.     Upon information and belief, Equifax, Experian, and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Franklin of Plaintiff's disputes at or within five (5) days of Equifax's, Experian's and Trans Union's receiving notice of the disputes from Plaintiff.

4

18.     In April 2016, Experian deleted the Franklin tradeline from Plaintiff's Experian credit report.

19.     Also in April 2016, Franklin, Equifax and Trans Union verified the false and fraudulent Franklin tradeline.

20.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Franklin, Equifax, and Trans Union failed to investigate Plaintiff's disputes and failed to remove and/or amend the disputed item.  Franklin, Equifax, and Trans Uniuon failed to investigate Plaintiff's disputes, did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Franklin's, Equifax's and Trans Union's receipt of Plaintiff's disputes.

21.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged Honda deficiency account.

## V.  CLAIMS

### Negligence – Franklin

22.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.     Franklin's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Experian and Trans Union regarding the alleged past due account was negligent under applicable law.  In falsely reporting the alleged past due account, Franklin breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

24.     Franklin's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Experian and Trans Union regarding the alleged deficiency account has caused and

continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

25.    Franklin's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Experian and Trans Union regarding the alleged deficiency account were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

26.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.    Equifax's failure to investigate Plaintiff's disputes and to remove or amend Franklin's false report of Plaintiff's alleged past due account from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent.  In failing to investigate Plaintiff's disputes and in failing to remove or amend the alleged past due account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

28.    Equifax's negligent failure to investigate Plaintiff's disputes and to remove or amend Franklin's alleged past due account from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

29.    Equifax's failure to investigate Plaintiff's disputes and to remove or amend Franklin's past due account, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Trans Union

30.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31.     Trans Union's failure to investigate Plaintiff's disputes and to remove or amend Franklin's false report of Plaintiff's alleged past due account from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent. In failing to investigate Plaintiff's disputes and in failing to remove or amend Franklin's false report of Plaintiff's alleged past due account, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

32.     Trans Union's negligent failure to investigate Plaintiff's disputes and to remove or amend Franklin's false report of Plaintiff's alleged past due account has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

33.     Trans Union's failure to investigate Plaintiff's disputes and to remove or amend Franklin's false report of Plaintiff's alleged past due account, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – Franklin

34.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35.     Franklin, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Experian, and

Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a past due account with Franklin in the amount of $38.00. Franklin's statements were false and were made with conscious disregard for the rights of the Plaintiff.

36.     Franklin's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged due account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

37.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Franklin and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with Franklin in the amount of $38.00. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

39.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

40.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Franklin and other currently

unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due account balance with Franklin in the amount of $38.00.  Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

42.    Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Franklin

43.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44.    Franklin's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Trans Union of Plaintiff's alleged past due account are violations of Franklin's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

45.    Franklin's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Franklin is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

46.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47.    Equifax's failure to investigate Plaintiff's disputes and to remove or amend the disputed Franklin account despite Equifax's knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C.

§1681i.

48.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove or amend the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

49.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

50.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.     Trans Union's failure to investigate Plaintiff's disputes and to remove or amend the disputed Franklin account despite Trans Union's knowledge of the falsity of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

52.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

53.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's

actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Franklin

54.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55.     Franklin's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Trans Union of Plaintiff's alleged past due Franklin account, despite Franklin's knowledge of the falsity of its reporting, are willful violations of Franklin's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

56.     Given Franklin's knowledge of the falsity of its reporting, Franklin's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Franklin is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

57.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     Equifax's failure to investigate Plaintiff's disputes and its failure remove or amend the Franklin account despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

59.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of

Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

60.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

61.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62.    Trans Union's failure to investigate Plaintiff's disputes and its failure to remove or amend the Franklin account despite Trans Union's knowledge of the falsity of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63.    Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

64.    Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Eric Turner, respectfully demands the following:

1.    Trial by jury on all issues so triable;

2.    Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(Tel) 502.443.1060
(Fax) 502.589.3004
hemmingerlawoffice@gmail.com

## <u>VERIFICATION</u>

I, Eric Turner, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____

Eric Turner


COMMONWEALTH OF KENTUCKY      )
                             )  SS
COUNTY OF BRECKENRIDGE        )

Subscribed, sworn to and acknowledged before me by Eric Turner this ____ day of _____, 2015.

_____

Notary Public

Commission expires:_____

14